978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CINE ENTERPRISES, INC., Respondent.
 No. 91-70415.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 17, 1992.
Decided Nov. 2, 1992.
 
 Before WALLACE, Chief Judge, and GOODWIN and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The National Labor Relations Board (the "Board") petitions this court for enforcement of its ruling against Cine Enterprises, Inc. ("Cine"). The Board had ruled that Cine had engaged in unfair labor practices in violation of the National Labor Relations Act (the "Act"). We grant the Board's petition.
 
 
 3
 Cine is a movie, television, and commercial production company. In March 1988, Cine established production offices in some hotel rooms in Tempe Arizona in order to film the movie "Desert Rats." Filming was to take place in April. Cine was a union company--signatory to various union agreements.
 
 
 4
 On March 23, 1988, Cine's producer Boris Malden, production manager Hank Kline, and location manager Jerry Marshall were conducting a meeting in Cine's temporary Tempe offices. Three members of the Teamsters Local Union 104 (the "Union") interrupted the meeting. The Union members, Al Barber, Dino Barber, and Demir Albai were seeking work as drivers for "Desert Rats" and behaved in an aggressive and impolite manner. Production manager Kline suggested that the three leave their names and numbers but they were insistent and demanded an immediate answer. After being informed that the three were members of Teamsters Local 104, Kline told the applicants that "we are not a union show, and we are not hiring any members from Local 104 or any other Teamsters Local."
 
 
 5
 Five days later, on March 28, Union member Harry McCrorey approached Kenny Mason, Cine's transportation coordinator, seeking a job on "Desert Rats." McCrorey and Mason had previously worked together on a movie project entitled "Unholy Matrimony." On that project, McCrorey had joined other union members in filing a union grievance. This action had caused trouble for Mason with the "Unholy Matrimony" producers. When McCrorey approached Mason for a job with "Desert Rats," he indicated hope that Mason would not hold the earlier grievance against him. Mason replied, "In this business ... you don't know who your friends are." After McCrorey indicated that he would not cross a picket line should the Union picket "Desert Rats," Mason refused to hire him.
 
 
 6
 Finally, on March 30, Union members Luke Jordan and John Fruin approached Mason seeking jobs with "Desert Rats." Believing that the two were associated with Al Barber, Mason refused to hire them.
 
 
 7
 The next day, March 31, the Union filed an unfair labor practice charge against Cine. The Union alleged that, in refusing to hire the Barbers, Albai, McCrorey, Jordan, and Fruin, Cine had violated sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. § 158. After a hearing, the Administrative Law Judge (the "ALJ") determined that Cine had violated section 8(a)(1) in telling the Barbers and Albai that it was not hiring Union members, and had violated section 8(a)(1) in refusing to hire McCrorey. The ALJ dismissed the other charges.
 
 
 8
 On appeal, the Board agreed with the ALJ's findings of violations but reversed the ALJ's dismissal of the other charges. In addition to the two violations found by the ALJ, the Board determined that Cine had violated sections 8(a)(3) and (1) in refusing to hire the Barbers, Albai, Luke and Jordan, and had violated section 8(a)(3) in refusing to hire McCrorey. The Board timely petitioned this court for enforcement of its order.
 
 
 9
 Cine does not challenge the ALJ's findings of violations under the Act. Rather, Cine challenges the Board's findings of violations. Specifically, Cine contests the factual basis for the Board's findings; it does not argue with the Board's legal analysis. This court will accept the Board's findings of fact if they are supported by substantial evidence. M.W. Kellogg Constructors, Inc. v. NLRB, 806 F.2d 1435, 1438 (9th Cir.1986).
 
 
 10
 Section 8(a)(1) of the Act proscribes employer statements and conduct that "interfere with, restrain, or coerce employees" in the exercise their rights as union members. Section 8(a)(3) proscribes employer "discrimination in regard to hire or tenure of employment" in order to "discourage membership in any labor organization." Accordingly, an employer violates sections 8(a)(1) and 8(a)(3) by refusing to hire, or refusing to consider for hire, an applicant because of the applicant's union membership or activities.
 
 
 11
 Under labor law, once the NLRB General Counsel makes out a prima facie case of an unfair labor practice, the burden then shifts to the employer to demonstrate, by a preponderance of the evidence, its innocence of the charges. Wright Line, 251 NLRB 1083, 1089 (1980), enf'd, 662 F.2d 899 (1st Cir.1981), cert. denied 455 U.S. 989 (1982); NLRB v. Transportation Management Corp., 462 U.S. 393, 401-03 (1983); see also NLRB v. Howard Elec. Co., 873 F.2d 1287, 1291 (9th Cir.1989). The General Counsel has made out a prima facie case of section 8(a)(1) and 8(a)(3) violations if the General Counsel's evidence supports an inference that protected activity was a motivating factor in the refusals to hire. Wright Line, 251 NLRB at 1089.
 
 
 12
 There is substantial evidence in this case supporting the Board's finding that the General Counsel's evidence made out a prima facie case of section 8(a)(1) and 8(a)(3) violations. Kline's statement to the Barbers that Cine was not hiring Union members, Mason's indication to Jordan and Fruin that they would not be hired because of their relationship to Al Barber, and Mason's statements to McCrorey indicating his displeasure with McCrorey's earlier grievance, all support inferences that Cine refused to hire the six applicants because of their Union affiliations or activities.
 
 
 13
 The Board's finding that Cine failed to rebut by a preponderance of the evidence the General Counsel's prima facie case is also supported by substantial evidence. In essence, Cine's challenges to the Board's findings concern the Board's determinations of the motivations underlying Kline's and Mason's actions. Employer motivation is a question of fact which is "particularly within the purview of the Board." Clear Pine Mouldings, Inc. v. NLRB, 632 F.2d 721, 726 (9th Cir.1980), cert. denied, 451 U.S. 984 (1981). Cine's rehashing of the facts before this court does not serve to convince one that its view of Kline's and Mason's motivations is clearly superior to that of the Board. Indeed, the only remotely relevant independent evidence Cine has come up with to rebut the General Counsel's prima facie case does not help it. Cine notes that eight Union members were hired for "Deserts Rats." However, only two of these members were hired before the Union filed its grievance on March 31, one of whom was specifically requested by the art department, the other of whom had worked with Mason and McCrorey on "Unholy Matrimony" but who did not join McCrorey in the grievance which had caused Mason trouble.
 
 
 14
 The Board's findings are supported by substantial evidence.
 
 
 15
 PETITION GRANTED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3